

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00221-CR

---

**LARRY PEARSON, JR., APPELLANT**

V.

**THE STATE OF TEXAS**

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1005, Honorable Douglas H. Freitag, Presiding

---

May 15, 2024

## MEMORANDUM OPINION ON MOTION FOR REHEARING

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

On March 21, 2024, we issued a memorandum opinion and judgment in this case overruling Appellant Larry Pearson, Jr.'s two issues and affirming the judgment of the trial court. Appellant timely filed a motion for rehearing arguing he sufficiently preserved a complaint that the trial court reversibly erred by overruling his objection under Texas Rule of Evidence 403. At our request, the State filed a response. Remaining convinced of the ultimate disposition of this matter, we nevertheless grant the motion for rehearing, withdraw our prior opinion and judgment, and issue the following opinion in its place.

A jury convicted Appellant of harassment of a public servant and assessed punishment at confinement in prison for 70 years.[1] The trial court sentenced Appellant accordingly. Through two issues, Appellant argues character conformity evidence was wrongfully admitted and his sentence of confinement was grossly disproportionate to the convicted offense. We overrule Appellant's issues and affirm the judgment of the trial court.

## Background

While on patrol in April 2022, Lubbock Police Department Officer Shawn McCracken observed a vehicle veer in front of his patrol car and stop. McCracken halted his vehicle and looked at the other vehicle. He observed a female driver and Appellant, a male passenger in the front seat. According to McCracken, the woman was crying, appeared visibly injured, and was "very distraught." The woman advised the officer that Appellant had a gun.

McCracken drew his service weapon and called for backup; Appellant refused to exit the vehicle on McCracken's command. Backup officers arrived and forcibly placed Appellant in the back of a patrol vehicle. In the woman's vehicle, police found a "silver [] color handgun" underneath the seat previously occupied by Appellant; it initially appeared to be a "live firearm" but turned out to be an air pistol. Appellant was arrested on charges of domestic violence, outstanding warrants, and failing to identify to police.

---

[1] TEX. PENAL CODE ANN. § 22.11(a)(3). Punishment was enhanced by two prior felony convictions the jury found true. *See* TEX. PENAL CODE ANN. § 12.42(d).

While in the back of the patrol vehicle, Appellant remained noncompliant, attempting to kick out the vehicle's rear window. As officers tried to control Appellant, he attempted to spit on them. Officers placed a spit hood[2] on Appellant. Appellant successfully removed the spit hood and resumed spitting. According to record evidence, Appellant spat on one officer three times, striking him in the face. Appellant spat on another officer at least twice, which struck her eye and lip.

Evidence also showed that throughout this encounter, Appellant was verbally abusive to officers, calling them "pig" and "bitch." According to the female officer on whom Appellant spat, he said, "B-I-T-C-H that's what you deserve." Officers ultimately restrained Appellant to a backboard, placed him in a police van, and transported him to the county jail for booking. Many of Appellant's interactions with police were recorded on video and played for the jury.

Under two cause numbers, Appellant was charged with harassment of public servant: viz., causing his saliva to contact the two officers. The two cases were consolidated for trial.

Appellant pursued a defense strategy of allocating some of the fault for escalation of the encounter to the police, which his counsel emphasized during closing argument. Counsel argued that after officers extracted Appellant from the vehicle, they restrained Appellant with excessively tightened handcuffs behind his back, ignoring his requests to loosen them. It was this alleged mistreatment, along with being left alone in the police

---

[2] McCracken testified that a spit hood is "approximately the size of a human head. It's a mesh material with a loose elastic base to it, and we [are] able—basically able to slip it over someone's head, and due to that mesh liner it prevents spit traveling further than it normally would."

3

vehicle for an hour, counsel argued, that led to Appellant's agitation, resulting in Appellant kicking the vehicle's window. According to Appellant, this conduct attracted the attention of "eight or nine" officers who exacerbated the situation by bombarding him with commands rather than attempting to deescalate the situation. Ultimately, the defense argued that the police's handling of the situation worsened it, and that Appellant deserved a not-guilty verdict.

After delivering a guilty verdict at guilt-innocence, the jury heard punishment evidence of Appellant's alleged violations of a protective order and commission of domestic violence.[3] Evidence was also presented of Appellant's prior convictions for criminal acts committed by him on seven occasions over an eleven-year period, including criminal trespass, two instances of aggravated robbery, misdemeanor criminal mischief, evading arrest, two instances of domestic assault, and continuous violence against family, as well as conduct in violation of a deferred adjudication order. The jury returned a sentencing verdict of seventy years of confinement in the penitentiary.

**Analysis**

**First Issue**

By his first issue, Appellant argues video evidence depicting the commencement of his encounter with police was "improper character evidence used to show the jury that Appellant is aggressive and dangerous and will act in conformity with that aspect of his character." Appellant argues in the alternative that even if such evidence was admissible

---

[3] The jury also heard testimony regarding "previous incidents" with Appellant that required using more "than just two [police officers] from the previous incident." An officer agreed with the characterization that Appellant is "someone that was known to the LPD as someone to be a problem person[.]"

under Texas Rule of Evidence 404(b) it was inadmissible under Texas Rule of Evidence 403.[4]

At a hearing outside the presence of the jury, the State informed the trial court of its "intention to go into the nature of the stop for the case, because . . . the jury is entitled to hear evidence regarding that." During the following colloquy that consumed some four pages of the reporter's record, the prosecutor elaborated that the State intended to play only the beginning of bodycam or dashcam video of the encounter so that the jury might have an understanding of what took place. Appellant objected on the basis of his inability to confront the vehicle's driver and because the evidence was intended to inflame the jury. Later in the exchange, concerning the State's proposed evidence, defense counsel argued "this is all stuff that's just going in to try to inflame the jury as to stuff that's not relevant to the charges." The trial court ruled it would allow the State "to play that portion of the video as to demonstrate what the purpose of the stop was and why the officers responded the way they did . . . ." The court added, "I want it made clear" that Appellant was not, in fact, in possession of an actual firearm so that the jury has an opportunity to assess the credibility of the driver. After appearing to recognize a potential "404 problem," the trial court also overruled Appellant's objection that the driver's statements violated his right to confrontation.[5]

---

[4] We review a trial court's admission or exclusion of evidence for abuse of discretion. *Cunningham v. State,* 877 S.W.2d 310, 313 (Tex. Crim. App. 1994). Under that standard, we may not reverse a trial court if its ruling is within the "zone of reasonable disagreement." *Green v. State,* 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996).

[5] The driver, despite being the subject of a trial subpoena, did not appear to testify.

Proper preservation of an objection concerning the admission of evidence requires the objection inform the trial court why, or on what basis, the evidence should be excluded, but generally need not contain "magic words" or recite a specific statute. *Ford v. State,* 305 S.W.3d 530, 533 (Tex. Crim. App. 2009); *see* TEX. R. APP. P. 33.1(a)(1)(A) (error is preserved when the record shows that a "complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]").

### Rule of Evidence 404(b)

Our reading of the record indicates the trial court was aware of a Rule "404 problem," though the subsequent discussion from Appellant's counsel appeared to present a Confrontation Clause complaint. For purposes of this appeal, we assume, but do not decide, that the trial court was aware of a complaint regarding improper admission of evidence under Rule of Evidence 404 at the time it made its ruling.

Under the rules of evidence, evidence that a person committed "a crime, wrong, or other act" is inadmissible to prove the person acted in accordance with their character on a particular occasion. *See* TEX. R. EVID. 404(b)(1). However, such evidence can be used for other purposes, including but not limited to, proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* TEX. R. EVID. 404(b)(2). Both the Court of Criminal Appeals and this Court have held that evidence of extraneous offenses may be admissible "as same transaction contextual

evidence when 'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction.'" *See Maranda v. State,* 253 S.W.3d 762, 767–68 (Tex. App.—Amarillo 2007, pet. dism'd) (quoting *Prible v. State,* 175 S.W.3d 724, 731–32 (Tex. Crim. App. 2005)). Requiring the parties to avoid reference to evidence under these circumstances would make the State's case difficult to understand or present an incomplete picture; "the jury is entitled to know all relevant surrounding facts and circumstances of the charged offense [so that] an offense is not tried in a vacuum." *Id.* (citing *Moreno v. State,* 721 S.W.2d 295, 301 (Tex. Crim. App. 1986)).

We hold that the challenged video evidence was not admitted to show Appellant's character but to describe the circumstances regarding why Appellant had occasion to interact with the police. Without this contextual evidence, jurors would not have any information regarding why Appellant had any interaction with police officers, why the vehicle in which Appellant was a passenger was parked in the middle of the street, and why police promptly responded to the scene with guns drawn.

### Rule of Evidence 403

During trial, Appellant's counsel opposed the State's proposed evidence regarding the beginning of Appellant's contact with police, arguing it was presented "to inflame the jury as to stuff that's not relevant to the charges." Appellant did not mention Rule of Evidence 403 or any aspect of its balancing test. However, we will assume, but do not decide, that counsel's words made the trial court sufficiently aware that Appellant was raising a Rule 403 objection. *See Malone v. State,* 405 S.W.3d 917, 925–26 (Tex. App.—Beaumont 2013, pet. dism'd) (concluding defense objection that State's use of phrase

7

"sexually violent predator" was inflammatory sufficiently preserved Rule 403 objection). We also presume said objection was overruled through the court's general denial of Appellant's objection.

Under Texas Rule of Evidence 403, evidence that is relevant can be excluded "if its probative value is substantially outweighed by a danger of," potential unfair prejudice, among other concerns. TEX. R. EVID. 403. Analyzing Rule 403 potentially involves consideration of a number of factors, including (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State,* 390 S.W.3d 310, 324 (Tex. Crim. App. 2012) (citing *Montgomery v. State,* 810 S.W.2d 372, 389–90 (Tex. Crim. App. 1990) (op. on reh'g)). In applying these factors, we find that the trial court's decision to overrule Appellant's objection was within the zone of reasonable disagreement. First, the evidence regarding Appellant's initial encounter with police presented necessary context to avoid juror confusion. Second, any potentially prejudicial impact was only a minor effect of the State's presentation. Third, the trial court took measures to mitigate any unfair prejudice by requiring notice to the jury that the gun was an air pistol, which was relevant to the driver's credibility. The time spent on presenting this evidence was no more than necessary for the jury to understand the context of the situation—a car stopped in the street with police involvement. Moreover, we note this context was potentially important given the defense strategy of partly attributing the blame for the escalating events on police conduct.

Because the trial court did not abuse its discretion in overruling Appellant's objections under Rules 404(b) and 403, we overrule his first issue.

8

**Second Issue**

By his second issue, Appellant argues his sentence of confinement in prison for 70 years was grossly disproportionate to the offense committed, amounting to cruel and unusual punishment in violation of the Eighth Amendment's prohibition. We agree with the State that Appellant's issue was not preserved for review. Our examination of the record indicates only one statement during which Appellant's sentence is referenced: in a motion for new trial, Appellant globally argues, "The verdict and sentence in this cause is contrary to the law and the evidence." We hold that such a statement does not preserve for review any complaint that Appellant's term of confinement is unconstitutionally excessive. *See Cedillo v. State,* No. 07-11-00370-CR, 2012 Tex. App. LEXIS 4263 (Tex. App.—Amarillo May 29, 2012, no pet.) (mem. op., not designated for publication) (concluding that complaint regarding disproportionate length of sentence was not preserved when motion for new trial argued "the verdict is excessive in view of the evidence and the offense charged."). Appellant's second issue is overruled.

## Conclusion

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.

9